### PORTER & BUTLER *vs.* POOL *et al.*

Where plaintiffs, being part owners with another of a certain waterwheel, and contemplating the purchase of the interest of their partner in said wheel, called upon defendants who had sold and warranted the wheel as a good article, to ascertain if they would renew the warranty they had made of the wheel, in the event that plaintiffs bought the interest of their partner therein, and where the defendants agreed, in view of such renewal, and in consideration of an order for certain castings for the wheel then ordered by plaintiffs to be made, to renew the warranty to plaintiffs:

*Held*, that the substance of the agreement was a substitution of plaintiffs by a new contract to all the rights of the original purchasers of the wheel, with the warranty thereof, and that the consideration

was sufficient to support the new agreement, and that plaintiffs, the jury being satisfied of the truth of the allegations by the evidence, were entitled to sue on the said new contract, and to recover thereon the difference in value between the wheel sold and such a wheel as was warranted.

2. The evidence is sufficient to support the verdict, and the same is not illegal.

Contracts. Sales. New trial. Before Judge HILLYER. Fulton Superior Court. September Term, 1878.

Pool *et al.* sued Porter & Butler for breach of warranty. The declaration alleged, in brief, as follows : Plaintiffs were interested with one Griffin in the ownership of a water-wheel. Griffin had bought it from defendants, who warranted it to be suited for the purpose for which it was bought. It was defective. Plaintiffs purposed buying out the interest of Griffin. Before purchasing, plaintiffs went to defendants, informed them of the defect and the intended purchase, and asked if the warranty of the wheel would continue. Defendants agreed that it should do so ; said they would repair the wheel ; if it still would not work properly, they would replace it with a new one, and if that did not work properly, they would refund the purchase money ($350.00). Relying on these promises, plaintiffs bought the wheel, and gave an order to defendant for certain castings to be used in connection with it. Defendants have failed and refused to comply with their promises, or make good their warranty, to the damage of plaintiffs, etc.

Defendants moved to dismiss this declaration because it contained no cause of action. The motion was overruled. They pleaded the general issue.

The evidence was conflicting as to the main facts of the case (warranty, breach and damage). Defendants showed that plaintiffs had never paid for the castings which they had made ; that they had been sued for the amount, and a verdict had been rendered in their favor.

The jury found for plaintiffs $364.50. Defendants moved for a new trial, on the following, among other grounds :

1. Because the court overruled defendants' motion to dismiss the action.

2. Because the court charged that the measure of damages would be the difference in value between the wheel as warranted and as sold.

3. Because the verdict was contrary to law and evidence. The motion was overruled, and defendants excepted.

B. F. ABBOTT, for plaintiffs in error, cited, on measure of damages, 1 *Ga.*, 592; 23 *Ib.*, 17; 30 *Ib.*, 421, 948; 46 *Ib.*, 261; 26 *Ib.*, 704; 56 *Ib.*, 90; 60 *Ib.*, 149. Warranty not assignable, 27 *Ga.*, 457–464; 4 *Ib.*, 593; 1 *Ib.*, 75. No consideration, Benj. on Sales, 492.

T. P. WESTMORELAND, for defendants, cited, on right of action, Code, §2244; 10 Mass., 316; 5 Peters, 597; 2 Barb., 349.

JACKSON, Justice.

1. The plaintiffs, before purchasing the interest of Griffin in the wheel warranted to be good by the defendants, took the precaution to call upon the defendants with Griffin and have the warranty renewed to them, stating what they were about to do to defendants, and inquiring whether the warranty would follow the wheel. The facts show, we think, a novation of the original contract of defendants with Griffin in which plaintiffs were interested, and an express renewal of the warranty to plaintiffs alone; and further, on the strength of the new trade, an order by plaintiffs for castings for the wheel, to be made by defendants—so that the consideration to support the new trade was ample. The defendants not only induced plaintiffs by the renewal of the warranty to buy out Griffin, but to give an order to them to make castings for the wheel. The consideration was, therefore, ample to support the new agreement. The plaintiffs, as it was made directly with them by defendants, could sue the latter upon it, and they, in effect and substance, did

so. The measure of their damages was what they suffered in law by breach of warranty. to make the wheel good, and that was measured by the difference between the value of the defective wheel and a good wheel of the character warranted. It is wholly immaterial what they paid Griffin for his interest. They made their trade with him on the promise and covenant of defendants to make the wheel good, and this the defendants have not done; and this the jury find to be the amount of their verdict.

Nor does it affect this case how the suit for the castings resulted, especially as their value was allowed and excepted in the verdict. We think the charge of the court was substantially the law of the case. The measure of damages is not what they paid Griffin, but the difference between a bad and a good wheel.

2. The verdict is in accordance with the weight of the evidence, and in accordance with the law. The defendants ought to comply with their bargain to make the wheel good, and the verdict and judgment requiring them to do so is affirmed.

Judgment affirmed.